Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| JACQUELYN NAUERT, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| KIMBALL, TIREY & ST. JOHN, LLP; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Venue in this district is proper in that the Defendants transact business here and the conduct complained of occurred here.

## II. PARTIES

3. Plaintiff is a natural person residing in the State of California, County of Riverside.

4. Defendant KIMBALL, TIREY & ST. JOHN, LLP ("Defendant") at all times relevant was a company doing business of collecting debts and contacting consumers throughout the state of California and operating from an address at 7676 Hazard Center Drive, Suite 900, San Diego, CA 92108.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code §1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a

"consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## III.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. Plaintiff previously was a tenant at a property located at 324A Edgar Ct., Oceanside, California.

13. After Plaintiff vacated the premises and conducted a move-out inspection she received a bill of $277.84 for carpet replacement.

14. The following day Plaintiff hand-delivered a check for $277.84 as instructed.

15. After making payment in full, Plaintiff received a bill for $277.84.

16. Plaintiff promptly disputed this bill and then received confirmation that the charge was erroneous as the bill had been paid.

17. However, Plaintiff received another bill for $277.84.

18. Plaintiff then went to the landlord's office with a copy of the receipt to show it had been paid and was told the issue would be resolved.

19. Plaintiff then received another bill for $277.84.

20. Plaintiff disputed this charge and submitted proof again of payment.

21. Defendant sent Plaintiff a bill that she owed $277.84.

22. Plaintiff immediately sent a dispute to Defendant as to this charge.

23. Defendant refused to correct the erroneous charge and continued collection on the account by sending Plaintiff correspondence and making collection calls.

24. As a result of the acts alleged above, Plaintiff suffered emotional distress.

//
//
//
//

## IV.  FIRST CLAIM FOR RELIEF

**(As against Defendants for Violation of the FDCPA)**

25. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

26. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

  (a) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

  (b) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

  (c) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

  (d) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

  (e) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

27. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V.  SECOND CLAIM FOR RELIEF

**(Against Defendants for Violation of the Rosenthal Act)**

28. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

29. Defendants violated the Rosenthal Act, by including but not limited to, the following:

      (a)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

30. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

32. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)    Actual damages;

    (b)    Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b);

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(c); and

    (d)    For such other and further relief as the Court may deem just and proper.

Date: August 30, 2023

                                _____s/ Jeremy S. Golden_____
                                Jeremy S. Golden,
                                Attorney for Plaintiff

//
//
//
//
//

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: August 30, 2023

                    ___s/ Jeremy S. Golden_____
                    Jeremy S. Golden,
                    Attorney for Plaintiff